UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOAN SOLUTIONS, LLC,
a North Carolina limited liability company,

    Plaintiff,                                              Case No: 16-cv-62883

v.

CREATIVE EMARKETING, INC.
d/b/a STUDENT LOAN HELP 1,
a Florida Corporation

    Defendant.
_____/

## VERIFIED COMPLAINT

COMES NOW Plaintiff, DOAN SOLUTIONS, LLC, by and through its undersigned counsel, and sues Defendant, CREATIVE EMARKETING, INC., d/b/a STUDENT LOAN HELP 1, alleging and averring as follows:

### THE PARTIES

1.    Plaintiff is a North Carolina limited liability company, with its principle place of business located in Durham, Durham County, North Carolina, and having a principle place of business at 5842 Fayetteville Road, Suite 105, Durham, NC 27713.

2.    Defendant is a Florida corporation, with its principle place of business located in Coconut Creek, Broward County, Florida, and having a principle place of business at 2000 North State Road 7, Suite 206, Coconut Creek, FL 33063.

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, is between citizens of different States.

2.  Venue is proper under 28 U.S.C. § 1391(b) in that Defendant transacts business in the Southern District of Florida, and defendant's wrongful acts occurred in the Southern District of Florida.

## GENERAL ALLEGATIONS.

3.  On or about March 28, 2916, the parties entered into an Affiliate Agreement, whereby Defendant would accept and place qualified clients received from Plaintiff into a federal student loan consolidation program.  Plaintiff would perform intake with individuals seeking to consolidate their student loan debts, determine whether the individuals qualified, and if so would provide the client's information to Defendant to initiate the consolidation process.  A true and correct copy of the Affiliate Agreement is attached hereto as **EXHIBIT A**.

4.  The Affiliate Agreement was drafted entirely by Defendant, without any input from Plaintiff.

5.  Defendant provided a customer relationship management database known as "Logics".  This database houses all client information, including their contact information, the contract entered into between Doan Solutions and the client, the client's payment schedule, and the client's payment information.  Plaintiff was required to use this system to submit all of its client information to Defendant, and one of Defendant's employees was the account manager, and the only person with administrative capacity for Plaintiff's account.

6.  On or about June of 2016, Plaintiff began to receive complaints from its clients, with claims that their consolidation applications were not being processed.

7.  Although Plaintiff had been told by Defendant that it would take six to eight weeks for the consolidations to be initiated, Plaintiff learned that the paperwork had not even

been submitted by Defendant for many of its clients months after Plaintiff had submitted the client information.

8. Because the applications had not been submitted, many of Plaintiff's clients charged back their down payments on their credit cards, and made claims that Plaintiff had defrauded them.

9. It was the parties' course of dealing since the commencement of their business relationship that multiple merchant processing options were available to Plaintiff through the Logics system.

10. Additionally, the Affiliate Agreement provides that "payment shall be made using **the payment method Affiliate provides** to [Defendant]," (emphasis added). *See* EXHIBIT A.

11. However, on or about July 21, 2016, Defendant informed Plaintiff that it would only permit merchant processing through its own merchant processor, and removed all additional merchant processing alternatives that had previously been available to Plaintiff through the Logics system.

12. The removal of Plaintiff's alternative merchant processors was done without any prior agreement between the parties or other permission granted by Plaintiff.

13. While using its merchant processors of choice, Plaintiff had been paid weekly per the terms of the Affiliate Agreement with Defendant.

14. However, on or about August of 2016, Plaintiff received approximately one fifth of the funds it was owed for the processing of student loan consolidation applications during the previous two months.

15. In response to an inquiry to Defendant by Plaintiff regarding the missing funds, Defendant informed Plaintiff that the merchant processor had placed a hold on the account, but that Plaintiff could expect payment at the end of August, 2016.

16. Since that time, Plaintiff has repeatedly received assurances from Defendant that the funds would be forthcoming, however, payment in full of the amounts owed has still not yet been received by Plaintiff.

17. On August 12, 2016, in an e-mail from Sean McAuliffe of Student Loan Help 1, Plaintiff was assured that payment would be forthcoming, and that Plaintiff should continue to process new applications through Defendant. A true and correct copy of the August 12, 2016, e-mail is attached hereto as **EXHIBIT B**.

18. In a string of e-mail exchanges dated August 22 through August 24, Mr. McAuliffe again reassured Plaintiff that its account was "a priority", and would be handled until "everything is done to [Plaintiff's] liking". A true and correct copy of the August 22-24 e-mail string is attached hereto as **EXHIBIT C**.

19. The very next day, on or about August 25, 2016, Defendant changed all of Plaintiff's receivables to auto-pay status, and removed all access to the Logics system for Plaintiff's employees. This resulted in Plaintiff's loss of access to its clients' loan consolidation information.

20. Since the date that Plaintiff was locked out of the Logics system, Defendant has continued to process payments from Plaintiff's clients, while failing to remit any payment to Plaintiff for those receivables.

21. Additionally, Defendant has continued to collect funds directly from Plaintiff's clients, while failing to inform those clients that Defendant was acting independently of Plaintiff.

Indeed, Defendant was sending e-mails to Plaintiff's clients demanding payment and threatening to cancel loan consolidations. Said e-mails falsely misrepresented that they were being sent by or authorized by Plaintiff.

22. Defendant has also continued to automatically process payments from Plaintiff's clients, despite not having performed any actual work on those clients' files. Such actions have resulted in Plaintiff being forced to field customer service requests from angry and concerned clients, who had been charged unexpectedly by Defendant.

**23.** As an example of such unauthorized, and unwarranted charges, on August 8, 2016, a client signed up with Plaintiff, and their information was sent to Defendant for processing, and a payment of $99.16 out of $595.00 was made by the client and paid to Defendant. Defendant then processed three additional payments from that client in an the amount of $99.17, each, on August 19, September 2, and September 16, 2016. On September 22, 2016, the client contacted Plaintiff and stated that they had not received any correspondence regarding their loan consolidation process. Plaintiff then regathered her information and sent it to their new processing department, which was able to determine that Defendant had never submitted the client's consolidation application. Plaintiff then processed two payments of $99.16 and $99.20 on September 30 and October 16, resulting in the client's account being paid in in full for the entire $595.00. On November 6, 2016, Plaintiff informed the client that the consolidation process had been completed. On November 14, 2016, however, the client was charged an additional $99.16 by Defendant, having never performed any actual work on the client's account. An e-mail from the client to Plaintiff inquiring about the unauthorized charge by Defendant is attached hereto as **EXHIBIT D**

24. Under the section titled "Agreement Duration", the Affiliate Agreement states that termination of the agreement requires thirty (30) days' written notice. *See* EXHIBIT A.

25. On October 28, 2016, Plaintiff, through its undersigned attorney, attempted to provide Defendant with the required written termination notice, as well as a demand for the funds owed and an accounting. A true and correct copy of Plaintiff's written demands and notice of termination is attached hereto as **EXHIBIT E**.

26. Pursuant to the Affiliate Agreement, "within five business days, written request by one party to the other, the receiving party shall provide an accounting relating to all qualified clients it has sent, received, or processed payments for, relevant to this Agreement." *See* EXHIBIT A.

27. On or about November 2, 2016, the above-referenced demands and notice of termination were received by Defendant, with a signature provided to Federal Express. A true and correct copy of the signature provided to Federal Express is attached hereto as **EXHIBIT F**.

28. Curiously, however, on the same date, November 2, 2016, Defendant, without opening the envelope containing the demands and notice of termination, returned the same to Plaintiff's counsel via Federal Express.

29. On November 9, 2016, the undersigned sent the demands and notice of termination via e-mail to, Sean McAuliffe, Plaintiff's primary contact at Student Loan Help 1. A true and correct copy of the November 9, 2016, e-mail is attached hereto as **EXHIBIT G**.

30. On information and belief, despite the fact that the termination of the Affiliate Agreement will not be complete until December 9, 2016, and before the date on which Plaintiff sent to Defendant its initial notice of termination, Defendant, through its CEO, Michael Sterling,

Garrity Traina, PLLC
5485 Wiles Road, Suite 404, Coconut Creek FL 33073
Broward (954) 753-6666          Fax (954) 753-6663

GT-M: 16069

was representing to Plaintiff's clients that it had "fired" Plaintiff, and would no longer be handling the clients' accounts.

31. On information and belief, Defendant sent e-mails and placed telephone calls to Plaintiff's clients, utilizing Plaintiff's name, to demand payment and information related to the processing of student loan consolidation applications.

32. On September 8, 2016, Nicole Holmes, an agent of STUDENT LOAN HELP 1 and not an agent or employee of DOAN SOLUTIONS, LLC, sent an e-mail to one of Plaintiff's clients seeking information related to initiating a consolidation. The e-mail address for Ms. Holmes was provided as "nicole.dsllc@gmail.com", and the signature block also reads "DOAN SOLUTIONS LLC". Of particular note is the fact that the telephone number and fax number listed under Plaintiff's name in Ms. Holmes' signature block are not numbers connected to Plaintiff, but to Defendant. A true and correct copy of the September 8, 2016 e-mail is attached hereto as **EXHIBIT H**.

33. The Affiliate Agreement also includes provisions that prohibit "making, spreading, and/or publishing any disparaging or negative comments, statements, or implications, whether oral or written, against the other party that has the effect of damaging the reputation, character, or otherwise having a detrimental effect on the party." This provision is in effect during the time that the Affiliate Agreement is in place, and for a period of two (2) years after its termination. *See* EXHIBIT A.

34. The Affiliate Agreement provides that "the prevailing party, as defined by Florida law, shall be entitled to reasonable attorneys' fees and costs for any litigation for enforcement or interpretation of this Agreement. *See* EXHIBIT A.

35. Plaintiff has retained the law firm of Garrity Traina, PLLC, and has agreed to pay them a reasonable attorneys' fee to represent it in this action.

## COUNT I – BREACH OF CONTRACT

36. Plaintiff incorporates all allegations contained in paragraphs 1 through 33, above, into this Count as though fully re-alleged herein.

37. The Affiliate Agreement between DOAN SOLUTIONS, LLC and CREATIVE EMARKETING, INC. d/b/a STUDENT LOAN HELP 1 was a valid and binding contract.

38. Plaintiff fully performed its obligations under the Affiliate Agreement, and is entitled to payment in full for all of the clients it provided to Defendant under the Affiliate Agreement.

39. Defendant has breached a material term of the Affiliate Agreement by failing to pay Plaintiff its fees in full for services performed as described herein

40. Defendant has also breached the Affiliate Agreement by disparaging Plaintiff by informing Plaintiffs clients that it was "fired" by Defendant.

41. Defendant has additionally breached the Affiliate Agreement by failing to provide a full accounting related to "all qualified clients it has sent, received, or processed payments for, relevant to [the] Agreement" within the five (5) days required by the Affiliate Agreement.

42. Plaintiff has suffered substantial damages as a result of Defendant's breach.

**WHEREFORE**, Plaintiff, DOAN SOLUTIONS, LLC, respectfully requests that this Honorable Court enter judgment in its favor, and award actual and compensatory damages in an amount to be determined at trial, as well as Plaintiff's attorneys' fees and costs, and granting all such other and further relief as is just and appropriate.

## COUNT II – BREACH OF IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

43. Plaintiff incorporates all allegations contained in paragraphs 1 through 33, above, into this Count as though fully re-alleged herein.

44. The Affiliate Agreement between Plaintiff and Defendant gave rise to express obligations, and also gave rise to mutual implied covenants of good faith and fair dealing between the parties.

45. Under this covenant, each party has an obligation and duty to act fairly towards the other, and to do nothing destructive to the other party's right to enjoy the fruits of the contract, and to do everything the contract pre-supposes they will do to accomplish its purpose.

46. Defendant's actions as described herein have been in bad faith, in direct contravention of their obligations pursuant to the sections of the Affiliate Agreement labeled Commissions and Fees, Reporting, and Non-disparagement, and constitute a breach of the Covenant of Good Faith and Fair Dealing.

47. Each breach of the Affiliate Agreement and the Covenant has caused substantial damage to plaintiff.

**WHEREFORE**, Plaintiff, DOAN SOLUTIONS, LLC, respectfully requests that this Honorable Court enter judgment in its favor for breach of the Covenant of Good Faith and Fair Dealing, and award actual and compensatory damages in an amount to be determined at trial, as well as Plaintiff's attorneys' fees and costs, and granting all such other and further relief as is just and appropriate.

## COUNT III – UNJUST ENRICHMENT

48. Plaintiff incorporates all allegations contained in paragraphs 1 through 33, above, into this Count as though fully re-alleged herein.

49. Plaintiff has conferred upon Defendant the benefit of sending its qualified clients' files to Defendant to initiate the consolidation process for the clients' outstanding student loans.

50. Defendant accepted the benefit conferred by Plaintiff by processing the consolidation applications with the U.S. Department of Education, a service for which Defendant collected a fee.

51. Plaintiff is entitled to payment from Defendant for providing Defendant with clients in need of student loan debt consolidation, and it would be inequitable for Defendant to retain the benefit conferred by Plaintiff without paying Plaintiff for it. *See*, *Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA1994); *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A.*, 667 So. 2d 876 (Fla. 3d DCA 1996)

**WHEREFORE**, Plaintiff, DOAN SOLUTIONS, LLC, respectfully requests that this Honorable Court enter judgment in its favor, and award actual and compensatory damages in an amount to be determined at trial, as well as Plaintiff's attorneys' fees and costs, and granting all such other and further relief as is just and appropriate.

**COUNT IV – VIOLATION OF FLORIDA STATUTE § 501.204 (FDUTPA)**

52. Plaintiff incorporates all allegations contained in paragraphs 1 through 33, above, into this Count as though fully re-alleged herein.

53. The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") renders unlawful unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. Florida Statute §501.204.

54. At all relevant times, Defendant solicited, advertised, offered, and provided goods and services by providing student loan debt consolidation, and thereby was engaged in trade or commerce as defined in Section 501.203, Fla. Stat.

55. Defendant's practice of informing Plaintiffs clients that it had "fired" plaintiff when no such termination of the Affiliate Agreement had taken place, as well as using Plaintiff's name in its e-mail signature blocks and during telephone calls to Plaintiffs clients in attempts to collect money or obtain information from them, is unfair and deceptive. *See* EXHIBIT G.

56. As a result of Defendant's unfair and deceptive practices, Plaintiff was damaged.

**WHEREFORE,** Plaintiff, DOAN SOLUTIONS, LLC, respectfully requests that this Honorable Court enter a declaratory judgment that Defendant, CREATIVE EMARKETING, INC., violated the Florida Deceptive and Unfair Trade Practices Act; enter an injunction enjoining future violations of the Act pursuant to Florida Statute § 501.211(1); awarding actual damages for violation of the Act pursuant to Florida Statute § 501.211(2); awarding monetary damages and an award of Plaintiff's attorney's fees and costs pursuant to Florida Statute §§ 501.211(2) and 501.2105; and granting all such other and further relief as is just and appropriate.

### COUNT V – TEMPORARY INJUNCTION

57. Plaintiff incorporates all allegations contained in paragraphs 1 through 33, above, into this Count as though fully re-alleged herein.

58. Defendant has engaged in the practice of contacting Plaintiff's clients in efforts to collect money or obtain information from them, and in doing so has utilized Plaintiff's name in its e-mail addresses and signature blocks, or has announced itself as calling on behalf of Plaintiff during telephone calls. *See* EXHIBIT G.

59. Defendant's acts are likely to cause irreparable injury to Plaintiff, as Defendant has been mismanaging the processing of student loan consolidation applications for Plaintiff's clients, and Defendant's continued representations that it is acting on behalf of Plaintiff are extremely likely to confuse Plaintiff's clients and cause them to believe that Plaintiff is

mishandling their consolidations.  Many clients have already charged back payments on their credit cards and accused Plaintiff of fraud because of Defendant's mismanagement of their applications.

60. Should Defendant continue to misrepresent itself to Plaintiff's clients as calling or writing on behalf of Plaintiff, it will further damage the considerable goodwill that Plaintiff has built for itself while doing business for the past eighteen months.  Plaintiff has no adequate remedy at law to prevent such damages.

61. As stated above, Defendant's actions are in violation of the Florida Unfair and Deceptive Trade Practices Act (FUDTPA), Florida Statute §501.204.  Defendant's actions are precisely what FUDTPA was intended to prohibit, as they unfairly confuse and harm consumers as well as Plaintiff.  Plaintiff has a substantial likelihood of success on the merits.

62. The issuance of an injunction to prevent Defendant from falsely misrepresenting itself as Plaintiff would not violate public policy.  Indeed, the public would be well-served by preventing the confusion caused by one company misrepresenting itself as being or acting on behalf of another.

**WHEREFORE**, Plaintiff, DOAN SOLUTIONS, LLC, respectfully requests that this Honorable Court enjoin Defendant, CREATIVE EMARKETING, INC., from further continuing to misrepresent itself as being or acting on behalf of Plaintiff, awarding Plaintiff its reasonable attorneys' fees and costs, and granting all such other and further relief as is just and appropriate.

### COUNT VI – DEMAND FOR ACCOUNTING

63. Plaintiff incorporates all allegations contained in paragraphs 1 through 33, above, into this Count as though fully re-alleged herein.

Garrity Traina, PLLC
5485 Wiles Road, Suite 404, Coconut Creek FL 33073
Broward (954) 753-6666        Fax (954) 753-6663
GT-M: 16069

64. Defendant is required by the Affiliate Agreement to provide to Plaintiff "an accounting relating to all qualified clients it has sent, received, or processed payments for", within five (5) business days of written request for the same.  *See*, EXHIBIT A.

65. On October 28, 2016, and again on November 9, 2016, Plaintiff, through its counsel, provided the required, written demand for an accounting to Defendant. *See*EXHIBITS D and F.

66. After five (5) business days had passed, Defendant did not provide the requested accounting to Plaintiff.  To date, no accounting has been provided by Defendant.

67. An accounting, pursuant to the Affiliate Agreement, is hereby demanded.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment compelling Defendant to provide an accounting to Plaintiff; awarding Plaintiff's damages, costs, and attorneys' fees; and granting all such other and further relief as is just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, DOAN SOLUTIONS, LLC, hereby demands that all issues so triable be tried by a jury.

DATED this 7th day of December, 2016.

**[VERIFICATION ON FOLLOWING PAGE]**

## VERIFICATION

Under penalty of perjury under the laws of the United States of America and the State of Florida, I declare that I have read the above and foregoing and that the facts alleged herein are true and correct to the best of my knowledge and belief. I understand that a false statement in this verification will subject me to penalties of perjury.

Dated this 07 day of December, 2016

Thai Doan, Managing Member
DOAN SOLUTIONS, LLC

Respectfully submitted,

**GARRITY TRAINA, PLLC**
*Attorneys for Plaintiff*
5485 Wiles Road, Unit 404
Coconut Creek, FL 33073
Phone: (954) 753-6666
Fax:    (954) 753-6663

By:   /s/ Joshua W. Rosenberg
**JOSEPH D. GARRITY, ESQ.**
Fla. Bar No. 87531
jgarrity@garritytraina.com
**C.C. TRAINA, ESQ.**
Fla Bar No, 91238
ctraina@garritytraina.com
**JOSHUA W. ROSENBERG, ESQ.**
Fla. Bar No. 88804
jrosenberg@garritytraina.com
gtservice@garritytraina.com (secondary)