# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 16-CV-62883-DIMITROULEAS/SNOW

DOAN SOLUTIONS, LLC, a North Carolina limited liability company,

    Plaintiff,

v.

CREATIVE EMARKETING, INC., d/b/a STUDENT LOAN HELP 1, a Florida corporation,

    Defendant.

### SEAN MCAULIFFE'S RESPONSE TO COURT ORDER [DE 59] AND DOAN SOLUTIONS, LLC'S SECOND MOTION FOR PROCEEDINGS SUPPLEMENTARY [DE 57]

Implead Defendant, SEAN MCAULIFFE ("McAuliffe"), by and through the undersigned counsel, submits this response to the Court's Order dated September 19, 2018 [DE 59] (the "Order"), and to the allegations in DOAN SOLUTIONS, LLC'S Second Motion for Proceedings Supplementary [DE 57] (the "Motion"), and states as follows:

### Paragraph By Paragraph Response To The Motion

McAuliffe, by and through his undersigned counsel, responds numbered paragraph by numbered paragraph, to the Motion as follows:

1. Admit.

2. The allegations in paragraph 2 are denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted. McAuliffe demands strict proof thereof.

3. McAuliffe denies that Creative Emarketing, Inc. was not under the control of Joseph Pichardo at all times. McAuliffe admits that Creative Emarketing, Inc. was not under the control of "Manda A. Ruotolo". The remainder of the allegations in paragraph 3 are denied.

4. The allegations in paragraph 4 are denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted. McAuliffe demands strict proof thereof.

5. The allegations in paragraph 5 are denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted. McAuliffe demands strict proof thereof.

6. The allegations in paragraph 6 are denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted. McAuliffe demands strict proof thereof.

7. The allegations in paragraph 7 are denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the matters. McAuliffe demands strict proof thereof.

8. The allegations in paragraph 8 are denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the matters. McAuliffe demands strict proof thereof.

9. The allegations in paragraph 9 are denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the matters, as McAuliffe does not know what Mr. Pichardo testified to. If the allegations of this paragraph accurately reflect Mr. Pichardo's

testimony, then McAuliffe denies the testimony given by Mr. Pichardo and demands strict proof thereof.

10. The allegations in paragraph 10 are denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the matters, as McAuliffe does not know what Mr. Pichardo testified to. If the allegations of this paragraph accurately reflect Mr. Pichardo's testimony, then McAuliffe denies the testimony given by Mr. Pichardo and demands strict proof thereof.

11. The allegations in paragraph 11 are denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the matters, as McAuliffe does not know what Mr. Pichardo testified to. If the allegations of this paragraph accurately reflect Mr. Pichardo's testimony, then McAuliffe denies the testimony given by Mr. Pichardo and demands strict proof thereof.

12. The allegations in paragraph 12 are denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the matters, as McAuliffe does not know what Mr. Pichardo testified to. If the allegations of this paragraph accurately reflect Mr. Pichardo's testimony, then McAuliffe denies the testimony given by Mr. Pichardo and demands strict proof thereof.

13. The allegations in paragraph 13 are denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the matters, as McAuliffe does not know what Mr. Pichardo testified to. If the allegations of this paragraph accurately reflect Mr. Pichardo's testimony, then McAuliffe denies the testimony given by Mr. Pichardo and demands strict proof thereof.

14. Denied.

15. Denied.

### Response To The Order

The Order contains a directive to McAuliffe to "show cause within twenty (20) days of service of this Order and the Plaintiff's Motion why any relief sought in the motion or provided by Fla. Stat. §56.29 should not be granted".

McAuliffe denies that he holds any interest of the judgment debtor.

McAuliffe denies that he exercised control over the financial aspects of the judgment debtor.

McAuliffe denies that he managed the judgment debtor's bank account.

McAuliffe denies that he transferred funds of the judgment debtor to other accounts under his control in an effort to avoid collection.

McAuliffe denies that he holds any property of the judgment debtor.

McAuliffe denies that he is obligated under debt or judgment to the judgment debtor.

McAuliffe denies that he has received any gift, transfer, assignment or other conveyance of personal property from the judgment debtor to delay, hinder or defraud creditors.

McAuliffe denies that he has done anything that would merit any personal liability for the judgment debtor's debts generally, or Plaintiff's Judgment specifically.

WHEREFORE, Implead Defendant Sean McAuliffe denies any liability to Plaintiff and respectfully requests that he be dismissed from this action, that all requests for relief against him be denied, and that he be awarded his reasonable costs and attorneys' fees pursuant to Florida Statute §56.29, and any such other relief that this Court deems equitable and just under the circumstances.

### MCAULIFFE DENIES ALL ALLEGATIONS CONTAINED IN THE MOTION AND ORDER THAT ARE NOT SPECIFICALLY ADMITTED ABOVE.

### Affirmative Defenses

This matter should be dismissed as to McAuliffe, and all requests for relief as to McAuliffe should be denied, based upon, among other things, the following:

1. Mr. Pichardo's testimony, which seems to be the only evidence relied upon by Plaintiff in bringing these supplementary proceedings against McAuliffe, is absolutely false.

2. Plaintiff's Motion fails to state a cause of action against McAuliffe because it fails to allege a single theory of liability for imposing any personal liability for the Judgment against McAuliffe, nor does it identify any assets or property of the judgment debtor in the hands of Mr. McAuliffe.

**SEAN MCAULIFFE DEMANDS TRIAL BY JURY FOR ANY ISSUES SO TRIABLE**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court on October 25, 2018 using the CM/ECF system which will send notification of such filing to all counsel or parties of record listed on the Service List below.

>RESPECTFULLY SUBMITTED,
>**WYMAN LEGAL SOLUTIONS**
>955 NW 17TH AVENUE, SUITE C
>DELRAY BEACH, FL 33445
>P: (561) 361-8700
>F: (561) 361-8899
>
>BY: */s/ Andrew D. Wyman, Esq.*
>ANDREW D. WYMAN, ESQ.
>FLORIDA STATE BAR NO.: 326010
>ANDY@WYMANLEGALSOLUTIONS.COM
>ATTORNEY FOR IMPLEADER DEFENDANT
>SEAN MCAULIFFE

## SERVICE LIST

Joseph D. Garrity, Esq. (jgarrity@garritytraina.com)
C.C. Traina, Esq. (ctraina@garritytraina.com)
Chris Traina, Esq. (chris@garritytraina.com)
Joshua W. Rosenberg (jrosenberg@garritytraina.com) (gtservice@garritytraina.com)
GARRITY TRAINA, PLLC
*Attorneys for Plaintiff*
5485 Wiles Road, Unit 404
Coconut Creek, FL 33073
E-mail: jgarrity@garritytraina.com

Joseph Pichardo
Creative Emarketing, Inc. c/o Joseph Pichardo
731 Lyons Road, Apartment 16202
Coconut Creek, FL 33063